DAVID J. KAMINSKI, ESQ. (SBN: 128509)
kaminskd@cmtlaw.com
J. GRACE FELIPE, ESQ. (SBN 190893)
felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant WORLD
FINANCIAL CAPITAL BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA E. HARDEN<br><br>Plaintiff,<br><br>vs.<br><br>WORLD FINANCIAL CAPITAL BANK, ALLIANCE DATA SYSTEMS CORPORATION; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:10-cv-04546-JL<br><br>**District Judge: Hon. James Larson**<br><br>**ANSWER** |

COMES NOW Defendant WORLD FINANCIAL CAPITAL BANK ("Defendant") by and through its undersigned attorney and for its Answer to Plaintiff's Complaint, states as follows:

**<u>JURISDICTION</u>**

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff's action is based on the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*), but Defendant denies that Plaintiff has any such claim herein.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that supplemental jurisdiction of this court would have been proper pursuant to 28 U.S.C. § 1367, but Defendant denies that Plaintiff has any such claim herein.

3. Answering Paragraph 3 of the Complaint, Defendant admits that venue would have

1

been proper if Plaintiff had a claim, but Defendant denies that Plaintiff has any such claim herein.

## PARTIES

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny Plaintiff's current residency status and, therefore, denies the same for the present time. Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint as it constitutes a legal conclusion.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint

6. Answering Paragraph 6 of Plaintiff's Complaint, this paragraph contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies the same.

7. Answering Paragraph 7 of Plaintiff's Complaint, this paragraph contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies the same.

8. Answering Paragraph 8 of Plaintiff's Complaint, this paragraph contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies the same.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff incurred a debt to a creditor.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same for the present time.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 11.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint as they constitute a legal conclusion.

**B.      Defendants Engages in Harassment and Abusive Tactics**

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 13.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that it received a letter from Plaintiff requesting that Defendant cease and desist calling Plaintiff.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 15.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny Plaintiff's allegation in Paragraph 16.

**C.      Plaintiff Suffered Actual Damages**

17.     Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 17.

18.     Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 18.

19.     Answering Paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 19.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

20.     Defendant incorporates by reference Paragraphs 1 through 19 above as though fully set forth herein.

21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 21.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 22.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 23.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations

1 | in Paragraph 24.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 25.

26. Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to damages and further denies that it has violated the Fair Debt Collection Practices Act in any manner whatsoever.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

27. Defendant incorporates by reference Paragraphs 1 through 26 above as though fully set forth herein.

28. Paragraph 28 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies the same.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 29.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 30.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 31.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 39.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations in Paragraph 33.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to damages and further denies that it has violated the California Rosenthal Fair Debt Collection Practices Act in any manner whatsoever.

## PRAYER FOR RELIEF

A. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

B. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

C. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

D. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

E. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

F. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

G. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

H. Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph of Plaintiff's Complaint.

I. Defendant denies that any relief would be just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

36. As a separate, affirmative defense, Defendant alleges that its alleged actions were proper and did not violate any provisions of 15 U.S.C. § 1692 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

37. As a separate, affirmative defense, Defendant alleges that its alleged actions were proper and did not violate any provisions of California Civil Code § 1788 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

38. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the

exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### FIFTH AFFIRMATIVE DEFENSE

39. As a separate, affirmative defense, Defendant alleges that its alleged actions were not accompanied by actual malice, intent or ill will.

### SIXTH AFFIRMATIVE DEFENSE

40. As a separate, affirmative defense, Defendant alleges that its conduct, communications and actions, if any, were privileged pursuant to, *inter alia*, 15 U.S.C. § 1692k(c) and California Civil Code § 1785.32.

### SEVENTH AFFIRMATIVE DEFENSE

41. As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

42. As a separate, affirmative defense, Defendant alleges that it at all times alleged in Plaintiff's Complaint maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act.

### NINTH AFFIRMATIVE DEFENSE

43. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3) and 1692k(b)(1).

### TENTH AFFIRMATIVE DEFENSE

44. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by

California Civil Code § 1788.30 and §1788.32.

### ELEVENTH AFFIRMATIVE DEFENSE

45. As a separate, affirmative defense, Defendant alleges any recovery to Plaintiffs are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

46. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

47. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

48. The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### FIFTEENTH AFFIRMATIVE DEFENSE

49. As a separate, affirmative defense, Defendant alleges Defendant did not breach any legal duty to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

50. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are barred by res judicata or collateral estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

51. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

52. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### NINETEENTH AFFIRMATIVE DEFENSE

53. As a separate, affirmative defense, Defendant alleges that Plaintiff unreasonably delayed in asserting her claims in this litigation and on that basis his claims are barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

54. As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

55. As a separate, affirmative defense, Plaintiff has failed to allege punitive damages with the requisite specificity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

56. As a separate, affirmative defense with respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

57. As a separate, affirmative defense, consideration of any punitive damages in this civil action would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by allowing standardless discretion to the jury to determine punishment and by depriving Defendant of prior notice of the consequences of its alleged acts.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

58. As a separate, affirmative defense, Plaintiff is not entitled to collect an award of punitive damages from Defendant because an award of such damages could violate the excessive fines clauses of the United States Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

59. As a separate, affirmative defense, with respect to Plaintiff's demand for punitive damages, the imposition of punitive damages would violate Defendant's right to due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Answering Defendant's right to equal protection under the Fourteenth Amendment to the United States Constitution.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

60. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3), and pursuant to the California Rosenthal Act, California Civ. Code §1788.30(c).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

61. Defendant is not a debt collector as defined by 15 U.S.C. §1692a(6) of the Fair Debt Collection Practices Act (FDCPA), and as such, is exempt from liability under the FDCPA.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein and for such further relief as the Court deems just and equitable.

DATED: December 13, 2010        CARLSON & MESSER LLP


By:  /s/ J. Grace Felipe
     David J. Kaminski
     J. Grace Felipe
     Attorneys for Defendant,
     WORLD FINANCIAL CAPITAL BANK

9

ANSWER
Case No.: 3:10-cv-04546-JL

06510.00/169779